UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JOSE PAGAN,

                                             **COMPLAINT**

                       Plaintiff,                  **11 CV 01764**

        -against-                        **JURY TRIAL DEMANDED**

                                                **ECF CASE**

THE CITY OF NEW YORK, DET. RAMONITA CARDONA,
Shield No. 2645, Individually and in her Official Capacity,
LT. JOSEPH KOURAKOS, Shield No. 6316, Individually and
in his Official Capacity, P.O. HUGH STANTON, Shield No. 23227,
Individually and in his Official Capacity UNDERCOVER OFFICER
#CO218, Individually and in his/her Official Capacity,  and P.O.s
"JOHN DOE" #1-10, Individually and in their Official Capacities,
(the name John Doe being fictitious, as the true names are presently
unknown),

                                   Defendants.
-------------------------------------------------------------------------------X

      Plaintiff, JOSE PAGAN, by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JOSE PAGAN is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants DET. RAMONITA CARDONA, LT. JOSEPH KOURAKOS, P.O. HUGH STANTON, U.C. OFFICER #CO218, and the defendant P.O.s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

### THE OCTOBER 6, 2009 INCIDENT

13. On or about October 6, 2009 at approximately 5:50 p.m., plaintiff JOSE PAGAN was lawfully present inside the lobby of 4030 Bronx Boulevard in Bronx County, in the City and State of New York.

14. At the aforementioned time and place plaintiff was waiting for the elevator when several defendant officers accosted him, threw him to the floor, and searched him.

15. Although they found no evidence of criminal or unlawful activity, defendants proceeded to kick plaintiff, handcuff his arms tightly behind his back, and throw him into a police van.

16. Thereafter plaintiff was transported to a nearby police precinct where he was charged with Criminal Possession of a Controlled Substance in the Third, Fifth, and Seventh Degrees and Possession of Ammunition.

17. At no time on or about October 6, 2009 did plaintiff JOSE PAGAN possess or control any controlled substance or any ammunition.

18. At no time on or about October 6, 2009 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff JOSE PAGAN.

19. While in police custody plaintiff was subjected to an invasive strip search which did not reveal any evidence of criminal or unlawful activity.

20. At no time on or about October 6, 2009 did defendants possess the particularized suspicion necessary to justify an invasive strip search.

21. In connection with plaintiff's arrest, defendants filled out false and misleading police reports and forwarded said reports to prosecutors in the Bronx County District Attorney's Office.

22. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

23. As a result of this unlawful arrest, plaintiff JOSE PAGAN spent approximately three (3) days in custody and approximately two (2) months making court appearances in connection with these charges, before all of the charges were dismissed on December 9, 2009.

24. As a result of the foregoing plaintiff JOSE PAGAN sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**THE JUNE 19, 2010 INCIDENT**

25. On or about June 19, 2010, at approximately 1:50 p.m., plaintiff JOSE PAGAN was lawfully present with his wife and two (2) year old son inside his home at 3881 Baychester Avenue in Bronx County in the City and State of New York.

26. At the aforementioned time and place, defendant officers, wearing plain clothes and failing to identify themselves as police pounded on plaintiff's front door, yelling for him to open it.

27. As soon as plaintiff opened the door defendants grabbed him and immediately slammed him to the floor where they proceeded to handcuff both of his arms behind his back.

28. Defendants proceeded to the apartment's bathroom, where plaintiff's wife was taking

a shower, and commanded her to step out so they could inspect her for bruises which they did not find, causing her fear and humiliation.

29. Thereafter, defendants searched plaintiff's home and searched his person, uncovering no evidence of criminal or unlawful activity of any kind.

30. Nevertheless, defendants charged plaintiff with Criminal Sale of Marijuana in the Fourth Degree, Criminal Possession of Marijuana in the Fifth Degree, and Unlawful Possession of Marijuana.

31. At no time on or about June 19, 2010 did plaintiff sell, possess, or control any amount of marijuana, or commit any crime or violation of law whatsoever.

32. At no time on or about June 19, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff JOSE PAGAN.

33. Plaintiff was thereafter transported to a nearby police precinct where he was subjected to an invasive strip search.

34. At no time on or about June 19, 2010 did defendants possess the particularized suspicion necessary to justify an invasive strip search.

35. In connection with plaintiff's arrest, defendants filled out false and misleading police reports and forwarded said reports to prosecutors in the Bronx County District Attorney's Office.

36. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

37. As a result of this unlawful arrest, plaintiff JOSE PAGAN spent approximately three (3) days in custody and approximately four (4) months making court appearances in connection with these charges, before all of the charges against him were dismissed on October 27, 2010.

38. As a result of the foregoing, plaintiff JOSE PAGAN sustained, *inter alia*, loss of

liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF, ARISING FROM THE OCTOBER 6, 2009 ARREST, FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

41. All of the aforementioned acts deprived plaintiff JOSE PAGAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

45. As a result of the foregoing, plaintiff JOSE PAGAN sustained, *inter alia*, loss of liberty, physical injury, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF, ARISING FROM THE OCTOBER 6, 2009 ARREST, FOR FALSE ARREST UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. As a result of defendants' aforementioned conduct, plaintiff JOSE PAGAN was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

48. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

49. As a result of the aforementioned conduct of defendants, plaintiff sustained physical and emotional injuries.

## THIRD CLAIM FOR RELIEF, ARISING FROM THE OCTOBER 6, 2009 ARREST, FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

52. Defendants did not make a complete and full statement of facts to the District Attorney.

53. Defendants withheld exculpatory evidence from the District Attorney.

54. Defendants were directly and actively involved in the initiation of criminal proceedings against JOSE PAGAN.

55. Defendants lacked probable cause to initiate criminal proceedings against JOSE PAGAN.

56. Defendants acted with malice in initiating criminal proceedings against JOSE PAGAN.

57. Defendants were directly and actively involved in the continuation of criminal proceedings against JOSE PAGAN.

58. Defendants lacked probable cause to continue criminal proceedings against JOSE PAGAN.

59. Defendants acted with malice in continuing criminal proceedings against JOSE PAGAN.

60. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

61. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in JOSE PAGAN's favor on or about December 9, 2009 when all charges against him were dismissed.

62. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF, ARISING FROM THE OCTOBER 6, 2009 ARREST, FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64. Defendants created false evidence against plaintiff JOSE PAGAN.

65. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

66. Defendants misled the prosecutors by creating false evidence against plaintiff JOSE PAGAN and thereafter providing false testimony throughout the criminal proceedings.

67. In creating false evidence against plaintiff JOSE PAGAN, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

68. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF, ARISING FROM THE OCTOBER 6, 2009 ARREST, FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. As a result of the forgoing plaintiff JOSE PAGAN was subjected to an unreasonable and intrusive cavity search that shocks the conscience in violation of his due process rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States

71. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege, or consent, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF, ARISING FROM THE OCTOBER 6, 2009 ARREST FOR, MUNICIPAL LIABILITY

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" as if the same were more fully set forth at length herein.

73. Defendants arrested and incarcerated plaintiff JOSE PAGAN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

74. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

75. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

76. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

- fabricating evidence against innocent persons erroneously arrested during buy-and-bust operations;

- arresting innocent persons wrongfully apprehended during buy-and-bust operations;

- arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

- conducting invasive strip searches without the particularized suspicion necessary to justify such an intrusion.

77. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Mazie Meredith v. City of New York,** United States District Court, Eastern District of New York, 09 CV 1220;

- **Uriel Bonilla v. City of New York,** United States District Court, Southern District of New York, 09 CV 3563;

- **Angel Figueroa v. City of New York,** United States District Court, Southern District of New York, 10 CV 2185;

- **Angel Valentin v. City of New York, et al,** United States District Court, Southern District of New York, 10 CV 5195;

- **Osaigbovo v. City of New York,** United States District Court, Southern District of New York, 09 CV 4979;

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSE PAGAN.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by JOSE PAGAN as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JOSE PAGAN as alleged herein.

81. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSE PAGAN was incarcerated unlawfully for three (3) days and all charges were dismissed on or about December 9, 2009.

82. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JOSE PAGAN.

83. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JOSE PAGAN's constitutional rights.

84. All of the foregoing acts by defendants deprived plaintiff JOSE PAGAN of federally protected rights, including, but not limited to, the right:

- Not to be deprived of liberty without due process of law;
- To be free from seizure and arrest not based upon probable cause;
- To be free from unwarranted and malicious criminal prosecution;
- Not to have cruel and unusual punishment imposed upon him; and
- To receive equal protection under the law.

85. As a result of the foregoing, plaintiff JOSE PAGAN is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**SEVENTH CLAIM FOR RELIEF, ARISING FROM THE JUNE 19, 2010 ARREST, FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

88. All of the aforementioned acts deprived plaintiff JOSE PAGAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C.

§1983.

89. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

90. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

91. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

92. As a result of the foregoing, plaintiff JOSE PAGAN sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**EIGHTH CLAIM FOR RELIEF, ARISING FROM THE JUNE 19, 2010 ARREST, FOR FALSE ARREST UNDER 42 U.S.C. § 1983**

93. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. As a result of defendants' aforementioned conduct, plaintiff JOSE PAGAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

95. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to handcuffing and other physical restraints without probable cause.

96. As a result of the aforementioned conduct of defendants, plaintiff sustained an unconstitutional loss of liberty and emotional injuries.

### NINTH CLAIM FOR RELIEF, ARISING FROM THE JUNE 19, 2010 ARREST, FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

99. Defendants did not make a complete and full statement of facts to the District Attorney.

100. Defendants withheld exculpatory evidence from the District Attorney.

101. Defendants were directly and actively involved in the initiation of criminal proceedings against JOSE PAGAN.

102. Defendants lacked probable cause to initiate criminal proceedings against JOSE PAGAN.

103. Defendants acted with malice in initiating criminal proceedings against JOSE PAGAN.

104. Defendants were directly and actively involved in the continuation of criminal proceedings against JOSE PAGAN.

105. Defendants lacked probable cause to continue criminal proceedings against JOSE PAGAN.

106. Defendants acted with malice in continuing criminal proceedings against JOSE PAGAN.

107. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

108. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in JOSE PAGAN' favor on or about October 27, 2010 when all charges against him were dismissed.

109. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**TENTH CLAIM FOR RELIEF, ARISING FROM THE JUNE 19, 2010 ARREST, FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983**

110. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "109" as if the same were more fully set forth at length herein.

111. Defendants created false evidence against plaintiff JOSE PAGAN.

112. Defendants forwarded false evidence and false information to prosecutors in the Bron County District Attorney's Office.

113. Defendants misled the prosecutors by creating false evidence against plaintiff JOSE PAGAN and thereafter providing false testimony throughout the criminal proceedings.

114. In creating false evidence against plaintiff JOSE PAGAN, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

115. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

# ELEVENTH CLAIM FOR RELIEF, ARISING FROM THE JUNE 19, 2010 ARREST, FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

116. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117. As a result of the forgoing plaintiff JOSE PAGAN was subjected to an unreasonable and intrusive cavity search that shocks the conscience in violation of his rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States

118. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

# TWELFTH CLAIM FOR RELIEF ARISING FROM THE JUNE 19, 2010 ARREST FOR MUNICIPAL LIABILITY

119. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "118" as if the same were more fully set forth at length herein.

120. Defendants arrested and incarcerated plaintiff JOSE PAGAN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

121. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

122. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under

the supervision of ranking officers of said department.

123. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

- fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;

- arresting innocent persons wrongfully apprehended during buy-and-bust operations;

- arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

- conducting invasive strip searches without the particularized suspicion necessary to justify such an intrusion.

124. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Mazie Meredith v. City of New York,** United States District Court, Eastern District of New York, 09 CV 1220;

- **Uriel Bonilla v. City of New York,** United States District Court, Southern District of New York, 09 CV 3563;

- **Angel Figueroa v. City of New York,** United States District Court, Southern District of New York, 10 CV 2185;

- **Angel Valentin v. City of New York, et al,** United States District Court, Southern District of New York, 10 CV 5195;

- **Osaigbovo v. City of New York,** United States District Court, Southern District of New York, 09 CV 4979;

125. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the

safety, well-being and constitutional rights of plaintiff JOSE PAGAN.

126. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by JOSE PAGAN as alleged herein.

127. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JOSE PAGAN as alleged herein.

128. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSE PAGAN was incarcerated unlawfully for three (3) days and all charges were dismissed on or about October 27, 2010.

129. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JOSE PAGAN.

130. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JOSE PAGAN's constitutional rights.

131. All of the foregoing acts by defendants deprived plaintiff JOSE PAGAN of federally protected rights, including, but not limited to, the right:

- Not to be deprived of liberty without due process of law;
- To be free from seizure and arrest not based upon probable cause;
- To be free from unwarranted and malicious criminal prosecution;
- Not to have cruel and unusual punishment imposed upon him; and
- To receive equal protection under the law.

132. As a result of the foregoing, plaintiff JOSE PAGAN is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff JOSE PAGAN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
March 2, 2011

BY:_____/S_____
Gerald Cohen (GC-0414)
Cohen & Fitch, LLP
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115