```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOSE PAGAN and ELIZABETH DOUGLAS,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, DET. RAMONITA
CARDONA, Shield No. 2645, Individually and in her
Official Capacity, LT. JOSEPH KOURAKOS, Shield
No. 6316, Individually and in his Official Capacity,
P.O. HUGH STANTON, Shield No. 23227,
Individually and in his Official Capacity,
UNDERCOVER OFFICER #CO218, Individually
and in his/her Official Capacity, and P.O.'s "JOHN
DOE" # 1-10, Individually and in their Official
Capacity (the name John Doe being fictitious, as the
true names are presently unknown),

                                  Defendants.
----------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 1764 (HB)

      **WHEREAS,** plaintiff JOSE PAGAN commenced this action by filing a complaint on or about March 15, 2011, and plaintiffs JOSE PAGAN and ELIZABETH DOUGLAS filed an amended complaint on or about August 22, 2011, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiffs' allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **WHEREAS,** plaintiffs JOSE PAGAN and ELIZABETH DOUGLAS have authorized their counsel to settle this matter on the terms enumerated below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against the defendants, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiffs, JOSE PAGAN and ELIZABETH DOUGLAS, the total sum of TWENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($27,500.00), in full satisfaction of all claims, including claims for costs, expenses and attorney's fees. The settlement monies shall be allocated as follows: JOSE PAGAN, TWENTY FIVE THOUSAND DOLLARS ($25,000.00) and ELIZABETH DOUGLAS, TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00). In consideration for the payment of this sum, plaintiffs agree to dismissal of all the claims against the defendants and to release defendants, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Releases, including all claims for costs, expenses, and attorney's fees.

3. Plaintiffs shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, General Releases based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs

are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
      11/28, 2011

Gerald M. Cohen, Esq.
Cohen & Fitch LLP
225 Broadway, Suite 2700
New York, New York 10007

By: _____
    Gerald M. Cohen, Esq.
    Attorney for Plaintiffs

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Rm. 3-203A
New York, New York 10007

_____
Noreen Stackhouse
Assistant Corporation Counsel

SO ORDERED:

_____
HON. HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
      11/30 2011

4